## 20390

THE STATE, Respondent, v. Robert Tobias THOMAS, Appellant.

(234 S. E. (2d) 16)

Messrs. *Daniel A. Speights,* of Hampton, and *Thomas H. Pope III,* of *Glenn, Porter and Sullivan,* Columbia, *for Appellant*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Mike S. Jolly, Sol.,* of Union, *for Respondent,* ▮▮▮▮

March 28, 1977.

LITTLEJOHN, Justice:

The appellant, Robert Tobias Thomas, and Atlas Key were tried and convicted of armed robbery on July 23, 1969, in York County. Their conviction was subsequently affirmed by this Court. *State v. Key,* 256 S. C. 90, 180 S. E. (2d) 888 (1971). Thereafter, by order of the Honorable Charles E. Simons, Jr., United States District Court, dated Febru-

ary 17, 1975, the appellant was granted a new trial. *Thomas v. Leeke,* 393 F. Supp. 282 (D. S. C. 1975).

In April, 1975, the appellant was retried in York County. He was convicted and sentenced to 21 years, with credit given for time served since 1969. Notice of appeal was timely given and a transcript of record was filed with this Court in November, 1975. In December, 1975, the appellant's appeal was suspended and jurisdiction returned to the lower court so that the appellant could make a motion for a new trial based on after-discovered evidence. After a full evidentiary hearing was held in January, 1976, the new trial was denied. On February 5, 1976, the appellant filed an application for post-conviction relief. By consent of the parties, this application was submitted to the lower court on the record made up at the appellant's motion for a new trial based upon after-discovered evidence. This application for post-conviction relief was also denied.

The present appeal is from the appellant's conviction in April, 1975, from the denial of appellant's motion for a new trial, and from the denial of the appellant's application for post-conviction relief. All questions argued in appellant's brief are discussed without indicating the case from which the issues arise.

The appellant first argues that he was denied his right to trial by an impartial jury in that (1) the lower court failed to grant appellant's motion for change of venue, (2) certain jurors were not disqualified for cause, and (3) a new trial was not granted when it was later discovered that the husband of a juror at the second trial was the jury foreman at the appellant's first trial, and that prejudicial, inadmissible facts were discussed in the jury room. We discuss each of these contentions separately.

In support of his motion for a change of venue, counsel for appellant submitted an affidavit to the trial court which incorporated numerous newspaper articles that appeared around the time of the appellant's first trial, approximately six years

prior to the retrial. In addition, the affidavit strongly empha-sized the import of an unprecedented courtroom disturbance created by the appellant and Key during the first trial at the time the jury verdicts were announced. Nevertheless, no newspaper articles or broadcasts of a contemporary nature were submitted to the trial court in support of the motion, nor were there any affidavits from community members to the effect that they did not believe the appellant could receive a fair trial at the particular time.

While it is true that in 1969 this case received per-haps more than its rightful share of publicity, the ap-pellant fails to point up any real significance it may have had in 1975. It is clear from the record that several members of the jury panel had, in fact, some recollection of the first trial and certain related events; it is not established that such recollection prevented the appellant from receiving a fair trial in York County.

It is well settled in this state that a motion for a change of venue is addressed to the sound discretion of the trial judge and a decision on the motion will not be reversed on appeal absent a showing of abuse of that discretion. *State v. Fuller*, 227 S. C. 138, 87 S. E. (2d) 287 (1955). Our review of the record reveals no such abuse.

The appellant next assigns error to the trial court's failure to disqualify three prospective jurors for cause. Again, it is the rule of this State that absent manifest error, the trial court's discretion in passing upon the neutral-ity of a juror should not be disturbed. *State v. Middleton*, 207 S. C. 478, 36 S. E. (2d) 742 (1946).

The challenged jurors had heard of the case and some of the details. Two jurors, however, stated that they had not formed any concrete opinion about the guilt or innocence of the appellant. While admitting that he had formed such an opinion about the guilt of the accused, the third juror stated that he could abide by the instructions of

the court and render a just verdict based on the evidence adduced at trial, without regard to any preconceived ideas.

Based on the foregoing statements, the trial court determined the challenged jurors to be qualified. This Court, of course, does not have the benefit of observing first hand the character and demeanor of these jurors as did the lower court. As noted in *DeLee v. Knight*, 266 S. C. 103, 221 S. E. (2d) 844 (1975), this Court ". . . must necessarily rely on the wisdom and judgment of the trial judge unless the record firmly establishes an abuse of discretion" 221 S. E. (2d) at 847. Finding no abuse, the appellant's contention as to this matter is held to be without merit.

■ The appellant's argument that he should have been granted a new trial because the husband of one of the jurors in the second trial was foreman of the jury in the first trial is likewise without merit. The lower court gave the matter a full hearing and concluded that a new trial should not be granted because there existed no evidence of any prejudice to the rights of the appellant. We concur in his judgment.

■ Our decision in *Barsh v. Chrysler Corp.*, 262 S. C. 129, 203 S. E. (2d) 107 (1974) is dispositive of the appellant's contention that it was error to refuse to grant a new trial after the discovery that prejudicial, inadmissible facts were discussed in the jury room. In *Barsh,* we acknowledged and affirmed the general rule followed in this State that a juror's testimony is not admissible in order to prove either his own misconduct or that of fellow jurors.

Finally, the appellant argues that the trial court's failure to suppress the identification testimony of one particular witness, Mrs. Kay Kiker, denied him his right to effective assistance of counsel and due process of law.

The record reveals that Mrs. Kiker, who was present at a robbery of which the appellant was accused, was not subpoenaed to testify until the second day of the trial proceed-

ings. On that day, she came directly to the courtroom and, for lack of other instructions, seated herself in the spectator section. Shortly thereafter, the appellant and several other men (all similarly attired) entered the courtroom. She later acknowledged her immediate recognition of the appellant from among those entering with him.

The appellant now characterizes this incident as an illegal in-court confrontation which should have fatally tainted Mrs. Kiker's entire identification testimony. We do not agree. It is clear from the record that Mrs. Kiker's identification of the appellant was based upon her encounter with him at the time of the robbery in question and was not affected by this courtroom incident. Considering all the circumstances surrounding this courtroom encounter, together with the positiveness of the witness in her identification of the accused stemming from her presence at the actual robbery, we are convinced it was not error for the trial court to allow the challenged testimony into evidence.

Accordingly, the judgment of the lower court is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.