21562

The STATE, Respondent, v. Larry GILBERT and J. D. Gleaton, Appellants.

(283 S. E. (2d) 179)

*Robert W. Mance, III*, Washington, D. C., *for appellants.*

*Atty. Gen. Daniel R. McLeod, Senior Asst. Atty. Gen. Brian P. Gibbes*, and *Asst. Atty. Gen. Kay G. Crowe*, Columbia, and *Sol. Donald V. Myers*, Lexington, *for respondent.*

56

*David I. Bruck,* Columbia, *for amicus curiae S. C. Commission of Appellate Defense.*

September 14, 1981.

NESS, Justice:

This appeal is from a sentencing retrial where the appellants were given death sentences for the armed robbery and murder of Ralph Stoudemire. We affirm.

On previous appeal, appellants' convictions were upheld but their death sentences were vacated and remanded on the basis of improper prosecutorial argument during the sentencing phase of the bifurcated trial. *State v. Gilbert,* 273 S. C. 690, 258 S. E. (2d) 890 (1979). We review pursuant to §16-3-25, mandatory review of sentencing proceedings.

The original opinion in this appeal was written by Justice Harwell and the Court unanimously concurred except for the portion addressing the double jeopardy issue.

Appellants first challenge various rulings by the trial judge concerning the qualifications of certain jurors. The relative competency of a prospective juror to be empanelled for a specific trial is a matter addressed to the sound discretion of the trial judge whose decision will not be disturbed unless wholly unsupported by the evidence. *State v. Watkins,* 259 S. C. 185, 191 S. E. (2d) 135 (1972); *State v. Franklin,* 267 S. C. 240, 226 S. E. (2d) 896 (1976). No abuse of discretion appears.

The appellants claim that the trial judge erred by qualifying a juror even though she allegedly stated during *voir dire* that she would be unable to consider the lack of a prior criminal record as a factor mitigating against imposition of the death penalty.

This Court will not consider only isolated statements made during *voir dire* but will examine the entire colloquy with the venireman in order to review his qualifications. Having done this, it is clear that the challenged juror was properly qualified. When questioned by the trial judge subsequent to confusing inquiries made by appellants'

trial counsel, the juror stated that she would give due consideration to any mitigating factor that the court instructed her to consider.

The appellants also claim that the trial judge erred by excusing another of the prospective jurors, who, despite the trial judge's instruction to the contrary, revealed to her priest that she might be serving in a capital case and solicited of him his opinion of the Catholic Church's stance on the issue of capital punishment. There was no abuse of discretion. The possible seating of this person would have introduced an outside influence into the deliberations of this jury.

An assertion is also made that the trial judge erred by failing to disqualify a prospective alternate venireman who read an account of the trial matter in his newspaper during the *voir dire* process. According to the venireman, the article only stated that the appellants were on trial for determination of the sentence to be imposed on them for the murder of Stoudemire. He testified that nothing in the article had influenced him and that he would have to hear the testimony before he could offer an opinion on the proper sentence. There was no abuse of discretion in qualifying this alternate juror.

Appellants next contend that certain photographs of the crime scene were improperly admitted since they were allegedly irrelevant as to the question of proper sentence and were allegedly designed to inflame the passions of the jury. We disagree. The photographs were properly admitted as evidence of the circumstances of the crimes. *State v. Shaw*, 273 S. C. 194, 255 S. E. (2d) 799, *cert. denied*, 444 U. S. 957, 100 S. Ct. 437, 62 L. Ed. (2d) 329 (1979), petition for rehearing denied, 444 U. S. 1027, 100 S. Ct. 694, 62 L. Ed. (2d) 662 (1980), and *cert. denied*, 444 U. S. 1026, 100 S. Ct. 690, 62 L. Ed. (2d) 660, petition for rehearing denied, 444 U. S. 1104, 100 S. Ct. 1073, 62 L. Ed. (2d) 791 (1980).

One photograph of the scene was apparently inadvertently admitted after the trial judge ruled it inadmissible because allegedly irrelevant. We find the error harm-

less, however, since the photograph is simply one more view of the crimes scene, and since it was neither irrelevant nor inflammatory. Like the other photographs it was demonstrative of the circumstances of the crimes. See *State v. Campbell,* 259 S. C. 339, 191 S. E. (2d) 770 (1972).

The appellants contend that they should have been allowed to introduce witnesses to testify why the death penalty is allegedly not a proper form of punishment. This exception has no merit. Nothing in the record supports the contention that appellants even sought to introduce additional witnesses. At any rate, the propriety of the death sentences as a form of punishment is a matter addressed to the discretion of the legislature. The legislature has determined that capital punishment is an apropriate mode of punishment in this State. This Court will not sacrifice judicial resources in considering the philosophical correctness of capital punishment since it has been legislatively approved in a statutory complex we have previously examined and found to be constitutional. *State v. Shaw, supra; State v. Linder,* S. C., 278 S. E. (2d) 335.

Appellants' allegations that their confessions should have been suppressed have been considered by this Court and resolved adversely to the appellants. These matters are therefore *res judicata. State v. Gilbert,* 273 S. C. 690, 258 S. E. (2d) 890 (1979).

Finally, appellants allege the trial court violated the constitutional provision against double jeopardy by submitting for the jury's consideration an aggravating circumstance not found by the jury in the first sentencing trial. We disagree.

The double jeopardy clause of the Fifth Amendment basically prohibits reprosecution for the same offense. For the first time the Supreme Court in *Bullington v. Missouri,* . . U. S. . , 101 S. Ct. 1852, 1863, 68 L. Ed. (2d) (1981), held the double jeopardy clause applies equally to sentencing and guilt phases of a trial.

At the first trial, two aggravating circumstances were submitted to the sentencing jury but they only found "robbery

while armed with a deadly weapon" as an aggravating circumstance. At the second sentencing trial, both "robbery while armed with a deadly weapon" and "larceny with the use of a deadly weapon" were found as aggravating circumstances, to exist beyond a reasonable doubt.

Appellants now assert the trial court erred in submitting the aggravating circumstance of "larceny with the use of a deadly weapon" at the second sentencing trial because the failure of the jury to find *for or against* him on that issue in the first trial amounted to a finding that this aggravating circumstance did not exist.

We hold there is no merit to appellants' assertion of double jeopardy as the failure of the jury to find *for or against* him on the aggravating circumstance of larceny with the use of a deadly weapon would not preclude the submission of the other valid aggravating circumstance which was in itself sufficient to call for the application of the death penalty. *Gerberding v. Swenson,* 435 F. (2d) 368, 371 (8th Cir. 1970), *cert. denied,* 403 U. S. 906, 91 S. Ct. 2211, 29 L. Ed. (2d) 682 (1971).

Under the particular facts of this case, appellants' argument that the jury's failure to find for or against him on the issue of larceny with the use of a deadly weapon, at the first sentencing trial, was tantamount to an acquittal on that issue is without merit. Larceny is an essential element of the offense of robbery, as "[t]he commonlaw offense of robbery is essentially the commission of larceny with force." *State v. Brown,* 274 S. C. 48, 49, 260 S. E. (2d) 719 (1979). Therefore, it was necessary for the jury to have found that appellant had committed a larceny as well as finding the additional element that he used force to accomplish the larceny.

Moreover, we must remember, as held in *U. S. v. Tateo,* 377 U. S. 463, 466, 84 S. Ct. 1587, 1589, 12 L. Ed. (2d) 448 (1964), "[c]orresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial."

Two sentencing juries have decided death is the appropriate punishment for appellants. The double jeopardy clause does not protect appellants here.

We are required under § 16-3-25 to determine "whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases considering both the crime and defendant." Considering the record in this case and comparing it with *State v. Shaw and Roach,* 273 S. C. 194, 255 S. E. (2d) 799 (1979), and *State v. Hyman,* S. C. 281 S. E. (2d) 209 (1981), we find the death penalty is proportionate to a crime of this nature and to the crime and defendants in this case. We affirm.

Affirmed.

LEWIS, C. J., GREGORY, J., and JOSEPH R. MOSS, Acting Associate Justice, concur.

HARWELL, J., dissents.

HARWELL, Justice (dissenting):

I respectfully dissent, concluding that the State violated the constitutional provision against double jeopardy[1] in the second sentencing trial by submitting for the jury's consideration an aggravating circumstance which the jury in the first sentencing proceeding had considered but had failed to find to exist beyond a reasonable doubt.

Section 16-3-20(C) of the Capital Punishment Statutory Complex provides in pertinent part: "The jury, if its verdict be a recommendation of death, *shall designate* in writing, and signed by all members of the jury, the *aggravating circumstance or circumstances* which it found beyond a reasonable doubt." (Emphasis added).

The language of Section 16-3-20(C) quoted above mandates that a jury shall designate in writing which of those

---

[1] The Fifth Amendment of the United States Constitution provides in part: ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . ."

The South Carolina Constitution at Article I, Section 12 provides in part: "No person shall be subject for the same offense to be twice put in jeopardy of life or liberty . . ."

statutory aggravating circumstances it has found beyond a reasonable doubt. Thus, when several such circumstances are submitted to the jury but a designation as to only a few is made, the only legal conclusion to be drawn is that the undesignated, submitted circumstances were not established beyond reasonable doubt.

The United States Supreme Court recently applied the principles of double jeopardy prohibition to the sentencing portion of the bifurcated capital trial. *Bullington v. Missouri*, ... U. S. ...., 101 S. Ct. 1852, 68 L. Ed. (2d) 270 (1981). In *Bullington* the Supreme Court held that once the sentencing jury recommends a life sentence the State may not on retrial of the matter again seek the death penalty. "By enacting a capital sentencing procedure that resembles and is like a trial on the issue of guilt or innocence, ... Missouri *explicitly requires* the jury to determine whether the prosecution 'has proved its case' .... A verdict of acquittal on the issue of guilt or innocence is, of course, absolutely final. The values that underly this principle ... are equally applicable when a jury has rejected the State's claim that the defendant deserves to die ..." ... . U. S. .... at ...., 101 S. Ct. 1852 at 1861, 68 L. Ed. (2d) 270 at 282-283. (Emphasis in original).[2]

The above statement follows logically from the rule of law as restated in *United States v. Di Francesco*, .... U. S. ... , 101 S. Ct. 426, 66 L. Ed. (2d) 328 (1980):

"An acquittal is accorded special weight. "The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal,' for the 'public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though the acquittal was based upon an egregiously erroneous foundation'. *Arizona v. Washington*, 434 U. S. [497] at 503 [98 S. Ct. 824, at 829], 54 L. Ed. (2d) 717. The law 'attaches particular significance to an acquittal.' *United States v. Scott*, 437 U. S. [82] at 91, 98 S. Ct. 2187, at 2193; 57 L. Ed. (2d) 65." . ... U. S. ... at ...., 101 S. Ct. 426 at 433, 66 L. Ed. (2d) 328 at 340-341.

---

[2] Missouri's bifurcated sentencing procedure is similar to the South Carolina statutory procedure.

For purposes of the double jeopardy guarantee, a recommendation of life is an acquittal as to the death issue.

I believe that the double jeopardy principles must extend to the situation at bar. *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. (2d) 707 (1969) holds that when guilt beyond reasonable doubt is established as to one crime but is not established beyond reasonable doubt as to a second crime tried with the first, then if the defendant obtains a reversal on appeal, he may not be tried a second time for the crime not established at the original trial. See, *State v. Kirby,* 269 S. C. 25, 236 S. E. 33 (1977). The same rule should be applicable to the aggravating circumstances submitted to a sentencing jury. If the jury recommending death fails to designate one of several aggravating circumstances submitted to it, then if the defendant obtains a vacation of his sentence, on retrial the submitted but undesignated, aggravating circumstance should not be resubmitted to the second jury. The first jury has already determined that existence of the circumstance is not free of reasonable doubt.

The majority gives credence to *Gerberding v. Swenson,* 435 F. (2d) 368, (8th Cir. 1970), *cert. denied,* 403 U. S. 906, 91 S. Ct. 2211, 29 L. Ed. (2d) 682 (1971). In *Gerberding* a second offender statute required that a convicted felon be sentenced according to the maximum punishment if he had previously been convicted of any offense punishable by imprisonment in the penitentiary. The defendant had three prior felony convictions but one was constitutionally infirm because it was obtained by a guilty plea without the assistance of counsel. At the trial for the fourth offense, the prosecution introduced evidence of all three prior convictions, and the maximum punishment was imposed. The defendant alleged that the use of the constitutionally infirm conviction voided the entire later conviction. The Eighth Circuit disagreed. The jury had to find only one prior conviction before it imposed the maximum sentence. Since there were two other valid convictions, the use of the third was merely cumulative. Unlike our Section 16-3-20(C), the jury did not have to designate which of the prior convictions it relied upon to enhance the punishment. In contrast, our Capital Punishment Statutory Complex re-

quires a jury to designate each aggravating circumstance it found beyond a reasonable doubt. A resubmission to the jury of any aggravating circumstance which was found not to exist beyond a reasonable doubt would constitute double jeopardy.[3]

I quote with approval the following observations made by the North Carolina Supreme Court in *State v. Silhan*, 302 N. C. 223, 275 S. E. (2d) 450 (1981):

"If upon defendant's appeal of a death sentence the case is remanded for a new sentencing hearing, double jeopardy prohibitions would not preclude the state from relying on any aggravating circumstance of which it offered sufficient evidence at the hearing appealed from and which was either not then submitted to the jury or, if submitted, the jury then found it to exist. The dictates a [sic] double jeopardy would preclude the state from relying on any aggravating circumstance of which it offered insufficient evidence at the hearing appealed from. This would be tantamount to the state's having offered insufficient evidence of an essential element of a criminal offense in which case the state, because of double jeopardy considerations, could not retry the defendant even if it had sufficient evidence which could be offered at a new trial. Similarly the prohibition against double jeopardy would preclude the state from relying, at a new sentencing hearing, on any aggravating circumstance the existence of which the jury at the hearing appealed from, upon considering it, failed to find. The jury's failure to find the existence of the aggravating circumstance, after it had considered it, would be tantamount to defendant's having been acquitted of this circumstance."

I would vacate the death sentences of Gilbert and Gleaton and remand the matter for a new sentencing proceeding.

---

[3] Any contention that the error is harmless since one other aggravating circumstance was found to exist beyond reasonable doubt is without merit. The jury can recommend life even if an aggravating circumstance is properly established. Thus, we can only speculate as to whether this jury would have recommended death had only the armed robbery circumstance been submitted to it for consideration. This speculation is the sort of arbitrary factor which is intolerable in a case of this nature.