21690

The STATE, Respondent, v. James Anthony BUTLER, Appellant.

(290 S. E. (2d) 420)

*David I. Bruck,* of *S. C. Commission of Appellate Defense,* Columbia, and *O. Harry Bozardt, Jr.,* and *John A. Nettles,* Orangeburg, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Sr. Asst. Atty. Gen. Brian P. Gibbes,* Columbia, *for respondent.*

April 12, 1982.

HARWELL, Justice:

On March 11, 1981, appellant was convicted by an Orangeburg County jury of murdering Thakor Patel, of committing an assault and battery upon Ramila Patel with intent to kill her, and of unlawfully carrying a pistol. After finding that appellant committed the murder during the commission of a robbery while he was armed with a deadly weapon, the jury recommended the death penalty. The trial court adopted the recommendation and sentenced the appellant to death. This case consolidates the appellant's direct appeal and mandatory review of the death sentence.

On October 20, 1980, during the armed robbery of their motel in Santee, South Carolina, Mr. Patel was killed and Mrs. Patel was wounded. Appellant was arrested for the crimes the following day.

Appellant alleges several errors occurred during the course of his trial requiring the reversal of his conviction and sen-

tence of death. We agree and reverse the convictions, vacate the death penalty and remand for a new trial.

Appellant argues that during the penalty phase of the proceeding, the solicitor injected his own personal opinion into the jury's deliberations, and therefore the resulting death sentence was not free from the influence of any arbitrary factor as required by S. C. Code Ann. § 16-3-25(C)(1) and the Eighth Amendment to the United States Constitution.

We have determined that a solicitor's closing remarks should be governed by the following principles:

> While the solicitor should prosecute vigorously, *State v. Davis*, 239 S. C. 280, 122 S. E. (2d) 633, his duty is not to convict a defendant but to see justice done. *State v. Allen*, 266 S. C. 468, 224 S. E. (2d) 881 (1976). The solicitor's closing argument must, of course, be based upon this principle. The argument therefore must be carefully tailored so as not to appeal to the personal bias of the juror nor be calculated to arouse his passion or prejudice. *State v. White*, 246 S. C. 502, 144 S. E. (2d) 481 (1965). The trial judge is vested with a broad discretion in dealing with the propriety of the argument of the solicitor to the jury. *State v. Durdeen, supra.* Once the trial judge has allowed the argument to stand, as here, the defendant must bear the burden of demonstrating that the argument in effect denied him a fair determination of his guilt or innocence. On appeal, this Court will review the alleged impropriety of argument in the context of the entire record. *State v. Woomer*, S. C., 284 S. E. (2d) 357 (1981); *State v. Linder*, S. C. 278 S. E. (2d) 335 (1981).

Here, as in *Woomer*, the solicitor attempted to minimize the jurys sense of responsibility for appellant's fate by stressing that he himself had already made the same decision he was asking them to make.

> First, it has to pass over my desk. I make the decision. People elect me to make the decision as to whether or not I think cases ought to be prosecuted. We don't prosecute all the cases. And I think that's one of the

hardest impressions sometimes that we have to make, because people think that I am thee mouthpiece of the county or the mouthpiece of the police and that everything that comes along Norman Fogle has got to get up there and holler and advocate a position. That is not correct. I have to use my common sense. So I can share with you just to a small degree this morning how each and everyone of you feel, because as I stated yesterday before that in order for this case to get moving as far as the death penalty was concerned I first had to make that decision, you see, and I have in my opinion, based upon the evidence in this case, overall, decided that if we are going to have a death penalty law on the books that if there were any facts that could ever justify it this case justifies it, justifies it.

Although no timely objection to the remarks was made at trial, this Court will review the record *in favorem vitae* in a capital case. *State v. Adams,* S. C. 283 S. E. (2d) 582 (1981). We conclude that the solicitor's jury arguments during the penalty phase require that appellant's sentence of death be vacated. When a solicitor's personal opinion is explicitly injected into the jury's determinations as though it were in itself evidence justifying a sentence of death, the resulting death sentence may not be free from the influence of an arbitrary factor as required by S. C. Code Ann. § 16-3-25(C)(1), and the Eighth Amendment to the United States Constitution. *State v. Woomer, supra; Beck v. Alabama,* 447 U. S. 625, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980).

Appellant also contends that the closing argument of the solicitor at the guilt phase of the trial was so prejudicial that it denied him a fair trial.

I know that you all's responsibility here in this case is great. Not only yours but mine has been also. But rest assured of one fact that you would not be sitting in judgment upon this case unless I hadn't decided that this case deserves to be where it is. So I had to make this personal decision to be made. I had to make it too. And after I made it then it comes to you and you have to make it. And these decisions will always weigh heavily, I am sure of that, and I am sure you will also.

But I am going to say this that if you are looking for a stronger case than you have in this case, then you are not going to find it. This is one of the strongest cases overall that I have prosecuted in my eight and one-half years. And it is one of the strongest, one.

Viewing the argument in the context of the entire record, we conclude that the remarks were improper. The solicitor's private decision to prosecute and the relative merits of this prosecution as compared to all other cases over the previous eight-and-a-half years were all matters which were not within the record and its reasonable inferences. *State v. Linder, supra.*

Before the trial judge instructed the jury at the penalty phase, he accepted requests to charge from counsel. Appellant requested two charges concerning the possibility of parole from a life sentence.

In your deliberations, you should understand that as a matter of law, a person sentenced to life imprisonment will in fact spend the rest of his life in prison. The law in this regard has recently been changed by legislature, and early release on parole is no longer possible for anyone sentenced to life imprisonment for murder. Therefore, in the course of your deliberations, you should not give any consideration whatsoever to anything you might have heard about the possibility of early release or parole from a life sentence, for as a matter of law, no such possibility exists.

In the alternative, he requested the following instruction:

In your deliberations, you should understand that our death penalty statute was recently enacted by the legislature, and is different from other laws with which you may be familiar. Contrary to what you may have heard in connection with other laws, the question of early release or parole is simply not a consideration in the case.

The trial judge denied both instructions. We have determined that a "jury should be neither invited nor permitted to speculate upon the possible effects of parole upon a conviction." *State v. Brooks,* 271 S. C. 355, 247 S. E. (2d) 436

(1978); *State v. Atkinson,* 253 S. C. 531, 172 S. E. (2d) 111 (1970). In *State v. Brooks* we acknowledged that the courts of other states are in near unanimous agreement that ordinarily it is improper to instruct the jury as to the accused's parole eligibility. In *State v. Atkinson,* no instruction was given concerning the possibility of parole. During deliberations, however, the jury returned to the court room to inquire about the possibility of parole in the event of a life sentence. The jurors were told that the possibility of parole was of no concern to them and that they should not consider whether the defendant would or would not be paroled. If the jurors in this case had inquired about the possibility of parole, a similar instruction would have been proper. It was not improper to refuse the requested charges, however, in the absence of the jury's inquiry.

The disposition of appellant's remaining exceptions is unnecessary to this decision. We therefore decline to address these exceptions.

Reversed and remanded for a new trial.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.