22409

The STATE, Respondent, v. Leroy Joseph DRAYTON, Appellant.

(337 S. E. (2d) 216)

Supreme Court

*Asst. Appellate Defenders Daniel T. Stacey* and *Stephen P. Williams* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Amie L. Clifford,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Sept. 24, 1985.

Decided Nov. 19, 1985.

*Per Curiam:*

Appellant was convicted of murder, kidnapping and armed robbery, for which he received the death penalty.

We reverse.

At a *Jackson v. Denno* hearing, the trial judge found beyond a reasonable doubt that a statement given by Appellant following his arrest was freely and voluntarily made. Over objection, the statement was admitted into evidence.

Thereafter, in his charge the trial judge did not instruct the jury that it must find beyond a reasonable doubt that the statement was freely and voluntarily given before it could consider it in its deliberations.

Appellant concedes the instruction was not requested and that no objection to the charge was taken. However, under the doctrine of *in favorem vitae,* we must review Appellant's contention that the omission constitutes reversible error.

When the voluntariness of a defendant's statement is in dispute, the jury must be instructed to determine whether, beyond a reasonable doubt, the statement was freely and voluntarily given under the totality of the circumstances. *State v. Adams,* 277 S. C. 115, 283 S. E. (2d) 582 (1981). See also, *State v. Patterson,* 285 S. C. 5, 327 S. E. (2d) 650 (1984). The omission can be harmless only when the defendant concedes at trial the statement was voluntary, or when the facts are otherwise susceptible of no other reasonable inference. *State v. Linnen,* 278 S. C. 175, 293 S. E. (2d) 851 (1982). Here voluntariness is disputed, so that failure to give the charge was error requiring reversal and a new trial.

It is not necessary to rule upon the other exceptions set forth in the appeal.

Reversed and remanded for a new trial.