## TRUESDALE v. AIKEN, WARDEN, ET AL.

No. 86–5530.   Decided March 23, 1987

PER CURIAM.

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment of the Supreme Court of South Carolina is reversed.   *Lockett* v. *Ohio*, 438 U. S. 586 (1978); *Skipper* v. *South Carolina*, 476 U. S. 1 (1986).   See also *United States* v. *Johnson*, 457 U. S. 537, 549 (1982).

*It is so ordered.*

JUSTICE POWELL, with whom THE CHIEF JUSTICE and JUSTICE O'CONNOR join, dissenting.

Today the Court grants certiorari and summarily reverses a decision of the South Carolina Supreme Court that had refused to apply *Skipper* v. *South Carolina*, 476 U. S. 1 (1986), retroactively to cases that were final at the time *Skipper* was decided.   I continue to believe that the appropriate test for applying this Court's criminal law decisions retroactively to federal habeas corpus petitions is the analysis set forth by Justice Harlan in *Mackey* v. *United States*, 401 U. S. 667, 681–695 (1971) (opinion concurring in judgment in *Mackey* and dissenting from judgment in *Williams* v. *United States*, 401 U. S. 646 (1971)).   See *Griffith* v. *Kentucky*, 479 U. S. 314, 328–329 (1987) (POWELL, J., concurring).   In *Mackey*, Justice Harlan argued that "it is sounder, in adjudicating habeas petitions, generally to apply the law prevailing at the time a conviction became final than it is to seek to dispose of

all these cases on the basis of intervening changes in constitutional interpretation." 401 U. S., at 689.[1]

Application of these principles to this case is not simple. *Lockett* v. *Ohio*, 438 U. S. 586 (1978), and *Eddings* v. *Oklahoma*, 455 U. S. 104 (1982), were decided before petitioner's conviction became final. Accordingly, under the retroactivity principles adopted in our recent decision in *Griffith* v. *Kentucky, supra*, petitioner is entitled to the benefit of those decisions. The Court appears to think that *Skipper, supra*, merely applied the settled principles of *Lockett* and *Eddings* to a new fact situation, and thus that petitioner also is entitled to the benefit of the Court's decision in *Skipper*.[2]

I do not agree that petitioner is entitled to the benefit of our decision in *Skipper*. I continue to think that the result in *Skipper* was "not required by our decisions in *Lockett* and *Eddings*," *Skipper, supra*, at 9 (POWELL, J., concurring in judgment) (citations omitted). In *Lockett* and *Eddings*, the Court held that the Eighth Amendment prohibits States from excluding, at a capital-sentencing proceeding, relevant evidence that tends to lessen the defendant's culpability. *Lockett* v. *Ohio, supra*, at 604; *Eddings* v. *Oklahoma, supra*, at 114. In *Skipper*, this rule was extended to require admission of evidence that was unrelated to culpability. Rather, the State was required to admit evidence relevant to the de-

---

[1] Justice Harlan identified two exceptions to this rule: cases that "place . . . certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority," 401 U. S., at 692, and where there are "claims of nonobservance of those procedures that . . . are 'implicit in the concept of ordered liberty,'" *id.*, at 693 (quoting *Palko* v. *Connecticut*, 302 U. S. 319, 325 (1937)). Neither of these exceptions is applicable to this case.

[2] The Court supports this conclusion by reference to the statement in *United States* v. *Johnson*, 457 U. S. 537 (1982), that "when a decision of this Court merely has applied settled precedents to new and different factual situations, no real question has arisen as to whether the later decision should apply retrospectively, . . . because the later decision has not in fact altered that rule in any material way." *Id.*, at 549.

fendant's probable future conduct as a prisoner.[3]  Neither the author of the plurality opinion in *Lockett* nor the author of the Court's opinion in *Eddings* agreed with the Court's decision in *Skipper*.  Although I am of course bound by the Court's decision on the merits in *Skipper*, this is not incompatible with my view that *Skipper* broke new ground. Therefore, I do not believe this petitioner's conviction was incorrect under the law existing when the conviction became final.  The South Carolina court decided this case in accord with the precedents existing at the time of petitioner's conviction.

I acknowledge that we cannot determine with certainty how the Court would have decided this case at the time petitioner was convicted.[4]  Because of the inherent subjectivity of this determination, I do not find summary disposition of this case appropriate.  Moreover, there are several questions related to this case that have not been decided by this Court's decisions.  At least in the context of habeas petitions, we have not addressed the standards by which a court should determine the retroactive effect of cases like *Skipper* that arguably follow from pre-existing precedents.  Nor has the Court decided whether the same retroactivity rules should apply to state postconviction proceedings that apply to

---

[3] The Court in *Skipper* explained: "Consideration of a defendant's past conduct as indicative of his probable future behavior is an inevitable and not undesirable element of criminal sentencing: 'any sentencing authority must predict a convicted person's probable future conduct when it engages in the process of determining what punishment to impose.'"  *Skipper* v. *South Carolina*, 476 U. S. 1, 5 (1986) (quoting *Jurek* v. *Texas*, 428 U. S. 262, 275 (1976) (joint opinion of Stewart, POWELL, and STEVENS, JJ.)). The "past conduct" to which the *Skipper* Court referred was Skipper's good behavior *after* his conviction and death sentence.

[4] I am not the first to note the difficulty of making these determinations. See *Desist* v. *United States*, 394 U. S. 244, 263–269 (1969) (Harlan, J., dissenting); *Mackey* v. *United States*, 401 U. S. 667, 695 (1971) (opinion of Harlan, J., concurring in judgment in *Mackey* and dissenting from judgment in *Williams* v. *United States*, 401 U. S. 646 (1971)).

federal habeas proceedings.  A substantial argument could be made that this is a question of state procedural law and that—whatever the federal rule eventually may become—state courts considering such petitions need not consider developments in constitutional law that occur after the conviction became final.  Of course, we should not resolve these questions without full briefing and consideration.

If these questions were properly presented, I would vote to grant the petition for a writ of certiorari.  As the more important questions are not directly raised, my vote is to deny the petition.  It seems to me that summary reversal is wholly inappropriate, and accordingly I dissent.