22809

Jonathan CHAFFEE, Petitioner v. STATE of South Carolina, Respondent. Dallas FERRELL, Petitioner v. James AIKEN, Warden, and the Attorney General of South Carolina, Respondents.

(362 S. E. (2d) 875)

Supreme Court

*Chief Attorney William Isaac Diggs* of *S. C. Office of Appellate Defense,* Columbia, *for petitioner Jonathan Chaffee.*

*David I. Bruck* and *S. C. Office of Appellate Defense,* Columbia, *for petitioner Dallas Ferrell.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Frank L. Valenta, Jr.,* Columbia, *for respondents.*

Submitted Oct. 20, 1987.

Decided Nov. 30, 1987.

CHANDLER, Justice:

Certiorari was granted in these post-conviction relief cases to consider whether petitioners Chaffee and Ferrell, at trial, were unconstitutionally denied the right to present evidence of their adaptability to prison life. We reverse the judgments below, vacate the death sentences imposed, and remand for a new sentencing trial.

## I. PROCEDURAL HISTORY

Chaffee and Ferrell were convicted of murder at a joint trial and were sentenced to death. At trial, each defendant offered expert testimony concerning his ability to adapt to life in prison. The trial judge, relying upon *State v. Koon,* 278 S. C. 528, 298 S. E. (2d) 769 (1982), excluded this evidence.

Following affirmance of their convictions and sentences on direct appeal, *State v. Chaffee,* 285 S. C. 21, 328 S. E. (2d) 464 (1984), *cert. denied,* 471 U. S. 1009, 105 S. Ct. 1878, 85 L. Ed. (2d) 170 (1985), Chaffee and Ferrell each sought post-conviction relief. While their post-conviction relief applications were pending, the United States Supreme Court decided *Skipper v. South Carolina,* 476 U. S. 1, 106, S. Ct. 1669, 90 L. Ed. (2d) 1 (1986), holding that the exclusion of evidence of adjustability to life in prison violated the constitutional

principles established in *Lockett v. Ohio,* 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed. (2d) 973 (1978) and *Eddings v. Oklahoma,* 455 U. S. 104, 102 S. Ct. 869, 71 L. Ed. (2d) 1 (1982).

After denial by the Circuit Court of post-conviction relief, we granted writs of certiorari to consider the contentions of both defendants.

## II. FACTS AT TRIAL

### A. *As to Ferrell*

At the sentencing phase of his trial, Ferrell called Dr. Harold Morgan, a forensic psychiatrist, as a witness. On direct examination Dr. Morgan testified that individuals with personality disorders similar to Ferrell's needed structure and guidance. Upon objection, the trial judge precluded Dr. Morgan from testifying concerning Ferrell's ability to adapt to life in prison. Dr. Morgan then testified without objection that Ferrell could benefit from a program of rehabilitation.

In his cross-examination of Dr. Morgan, the Solicitor elicited that persons suffering from personality disorders like Ferrell's were slow to learn from experience. Accordingly, such persons tend to repeat their antisocial conduct.

Outside the jury's presence, Ferrell's attorney made a proffer of the excluded testimony. Dr. Morgan testified that Ferrell could make an adequate adjustment to prison life.

### B. *As to Chaffee*

Dr. William King, a psychiatric witness, testified Chaffee suffered from a psychopathic personality disorder.

As with Ferrell's expert witness, the Solicitor brought out on cross-examination of Dr. King that individuals like Chaffee do not learn from prior experience and, thus, repeat the same patterns of conduct.

On redirect examination, Chaffee's attorney attempted to elicit testimony concerning Chaffee's adaptability to a structured environment. The trial judge sustained the Solicitor's objection to this testimony.

Thereafter, Chaffee proffered Dr. King's testimony that he would be able to adapt to a controlled environment. Although Dr. King thought it possible that Chaffee "might

get in an altercation with someone else," he believed Chaffee "would fit in fairly well with ... [prison] rules and regulations."

In his closing argument, the Solicitor stated:

> Does it matter that they hadn't been caught or hadn't done it before? They're violent. And what did both Doctor King and Doctor Morgan say about both of them? They don't run. They get caught. They get punished. They come back. They get caught. They get punished. They come back.... They hadn't been convicted of anything violent before. But let them tell you, where you get to do it once, do you get to do something like this once and say, hey, I'm not violent.

### III. VIOLATION OF SKIPPER

Both Chaffee and Ferrell were prevented from offering expert testimony related to their adaptability to life in prison. At the time, the trial judge's rulings were correct under our decision in *Koon.* The United States Supreme Court's decision in *Skipper,* however, has now overruled *Koon* insofar as it prohibits competent evidence of future adaptability to prison life. *State v. Matthews,* 291 S. C. 339, 353 S. E. (2d) 444 (1986); *State v. Patterson,* 290 S. C. 523, 351 S. E. (2d) 853 (1986).

Although their cases were final at the time *Skipper* was decided, Chaffee and Ferrell are entitled to the benefit of the *Skipper* decision. *Truesdale v. Aiken,* ____ U. S. ____, 107 S. Ct. 1394, 94 L. Ed. (2d) 539 (1987). Thus, unless the *Skipper* violations can be found to be harmless, Chaffee and Ferrell are entitled to new sentencing proceedings at which they may present the excluded evidence.

### IV. HARMLESS ERROR

The test for determining whether the exclusion of this evidence is harmless is whether "it appears reasonably likely that [its] exclusion ... may have affected the jury's decision to impose the death sentence." *Skipper v. South Carolina,* 476 U. S. at ____, 106 S. Ct. at 1669, 90 L. Ed. (2d) at 9. *See also Dutton v. Brown,* 812 F. (2d) 593

(10th Cir. 1987); *Tafero v. Wainwright,* 796 F. (2d) 1314 (11th Cir. 1986).

In *Skipper,* the Court concluded that where, as here, the prosecutor alludes to the danger the defendant would pose if sentenced to prison, the error is not harmless.

## CONCLUSION

At the time of the joint trial of Chaffee and Ferrell, our holding in *Koon* excluded testimony relating to *future* adaptability. Accordingly, the trial judge properly applied the then existing law of South Carolina.

Thereafter, the United States Supreme Court overruled *Koon* relative to *future* adaptability. We are bound by *Skipper.*

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.