23171

The STATE, Respondent v̇. Louis Joe TRUESDALE, Jr., Appellant.

(393 S.E. (2d) 168)

Supreme Court

*Chief Atty. William Isaac Diggs* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Attys. Gwendolyn L. Fuller* and *Miller W. Shealy, Jr.,* Columbia, and *Sol. John R. Justice,* Chester, *for respondent.*

Heard Oct. 3, 1988.

Decided March 12, 1990.

CHANDLER, Justice:

Appellant Louis Joe Truesdale, Jr., (Truesdale) was resentenced to death for the murder of Rebecca Ann Eudy. Upon consolidation of his appeal with the review mandated by S.C. Code Ann. § 16-3-25 (1985), we affirm.

## PROCEDURAL BACKGROUND

At the September, 1980, term of the Lancaster County Court of General Sessions, Truesdale was indicted for murder, criminal sexual conduct in the first degree, and kidnapping. He later entered a plea of guilty and was sentenced to death upon the recommendation of a jury. On appeal, this Court vacated the guilty pleas and remanded for a new trial. *State v. Truesdale,* 278 S.C. 368, 296 S.E. (2d) 528 (1982) [*Truesdale I*].

On remand, venue was changed to Chester County on ground of pre-trial publicity. Truesdale was subsequently convicted and again sentenced to death. This Court affirmed the convictions and death sentence. *State v. Truesdale,* 285 S.C. 13, 328 S.E. (2d) 53 (1984) [*Truesdale II*].

On post-conviction relief, the United States Supreme Court reversed Truesdale's death sentence pursuant to *Skipper v.*

*South Carolina*, 476 U.S. 1, 106 S. Ct. 1669, 90 L. Ed. (2d) 1 (1986). *Truesdale v. Aiken*, 480 U.S. 527, 107 S. Ct. 1394, 94 L. Ed. (2d) 539 (1987). Thereafter, this Court remanded for resentencing. An amended order was later issued remanding "to Lancaster County with leave for defense to make such motions, including a motion for change of venue, as [it deems] appropriate."

At resentencing Truesdale's motion to change venue on the ground of pre-trial publicity was denied. He was then resentenced to death upon the jury's recommendation.

## ISSUES

1. Did the Lancaster County Court of General Sessions lack jurisdiction over the resentencing, the previous trial having been transferred to Chester County?

2. Did the trial court improperly restrict Truesdale's *voir dire* of prospective jurors concerning aggravating circumstances?

3. Did the trial court erroneously admit into evidence incriminating statements made by Truesdale to the police?

4. Did the Solicitor's closing argument deny Truesdale a fair trial?

5. Did the trial court commit reversible error in its charge to the jury?

## I. VENUE

Truesdale asserts that, since venue was transferred to Chester County at the earlier trial, Lancaster County lacked jurisdiction over the resentencing proceeding. We disagree.

The amended order of this Court remanding for resentencing established jurisdiction in the Lancaster County Court of General Sessions. We reject Truesdale's claim that various constitutional rights were violated. Moreover, Truesdale was not prejudiced since the trial court, after a thorough voir dire, properly found that a fair trial would be had in Lancaster County. See State v. Owens, 293 S.C. 161, 359 S.E. (2d) 275 (1987); State v. Thomas, 268 S.C. 343, 234 S.E. (2d) 16 (1977).

## II. VOIR DIRE

Truesdale contends that the trial judge improperly restricted the scope of his *voir dire* examination with respect to aggravating circumstances. When the record is reviewed as a whole, we find no abuse of discretion in the conduct of the *voir dire*. *See State v. Patterson*, 290 S.C. 523, 526, 351 S.E. (2d) 853, 854 (1986). To the contrary, Truesdale was granted a wide latitude in his juror interrogation.

## III. CONFESSION

The State introduced a written confession in which Truesdale claims he was forced at gunpoint by an unidentified third party to commit the crimes. Truesdale argues that the statement should not have been admitted into evidence as it was not given voluntarily. We disagree.

The statement was introduced at the guilt phase of the *Truesdale II* trial after its voluntariness was established at an *in camera* hearing. Accordingly, it was admissible at the resentencing pursuant to S.C. Code Ann. § 16-3-25(E)(2) (1985). *See State v. Stewart*, 288 S.C. 232, 341 S.E. (2d) 789 (1986).

## IV. SOLICITOR'S CLOSING ARGUMENT

Truesdale challenges the Solicitor's closing argument in two particulars.

First, he contends the Solicitor improperly referred to the deterrent effect of capital punishment. Our decisions hold, however that a deterrence argument is proper in the sentencing phase of a capital trial. *State v. Jones*, 298 S.C. 118, 378 S.E. (2d) 594 (1989); *State v. Yates*, 280 S.C. 29, 310 S.E. (2d) 805 (1982); *accord Davis v. Maynard*, 869 F. (2d) 1401 (10th Cir. 1989); *Davis v. Kemp*, 829 F. (2d) 1522 (11th Cir. 1987); *Smith v. Armontrout*, 692 F. Supp. 1079 (W.D. Mo. 1988); *Kordenbrock v. Scroggy*, 680 F. Supp. 867 (E.D. Ky. 1988); *Walker v. State*, 254 Ga. 149, 327 S.E. (2d) 475 (1985); *People v. Lewis*, 88 Ill. (2d) 129, 58 Ill. Dec. 895, 430 N.E. (2d) 1346 (1981); *State v. Welcome*, 458 So.

(2d) 1235 (La. 1983); *Pellegrini v. State,* 764 P. (2d) 484 (Nev. 1988); *State v. Compton,* 104 N.M. 683, 726 P. (2d) 837 (1986); *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 454 A. (2d) 937 (1982); *Payne v. Commonwealth,* 233 Va. 460, 357 S.E. (2d) 500 (1987).

Next, Truesdale contends that a reference to other criminals was without support in the record and constituted an expression of the Solicitor's personal opinion. The Solicitor argued:

> If you would come back to this courtroom Monday week, come in at a regular term of court, and we are handling cases of all sorts, and sit over here on the side, you would see a parade of characters who have set their life on crime, a parade of people who have chosen anti-social behavior as their life's conduct, people who are no sooner out of one problem until they are in another, some of whom commit heinous crimes. That type person, of course, is loathsome, but that type person is at least predictable. I submit to you that the Louis Truesdale that you and I have come to know over the last two days, is not only loathsome, he's frightening. A Louis Truesdale who can say yes mam and no mam, yes sir and no sir, and then go out, with cold deliberation, and commit the crimes he has committed, and then revert back to that very same personality we had seen before. . . .

This argument merely emphasized that Truesdale's crimes were uncharacteristic and unpredictable and that, therefore, Truesdale was more "frightening" than "career criminals." The comments do not compare the relative merits of this prosecution with others, which distinguish them from those held impermissible in *State v. Butler,* 277 S.C. 543, 290 S.E. (2d) 420 (1982). We find no error.

## V. JURY INSTRUCTIONS

A statutory mitigating circumstance submitted to the jury was that "the defendant acted under duress or under the domination of another person." S.C. Code Ann. § 16-3-20(C)(b)(5) (1985). Truesdale contends that the trial court erred in its jury instruction on duress. In view of the utter implausibility of Truesdale's duress claim, any error

in the charge was harmless beyond a reasonable doubt. *See Truesdale II* for an in-depth discussion of Truesdale's version of what occurred.

Finally, Truesdale argues that the trial court erred in failing to instruct that a confession may not be considered unless found beyond a reasonable doubt to have been given freely and voluntarily. This omission was harmless since the only reasonable inference from the evidence is that the statement was voluntary. *See State v. Drayton,* 287 S.C. 226, 337 S.E. (2d) 216 (1985); *State v. Linnen,* 278 S.C. 175, 293 S.E. (2d) 851 (1982).

## VI. PROPORTIONALITY REVIEW

We have conducted the mandatory review provided in § 16-3-25 and conclude that the sentence is not arbitrary, excessive, or disproportionate and that the evidence supports the finding of aggravating circumstances.

Affirmed.

GREGORY, C.J., and HARWELL and TOAL, JJ., concur.

FINNEY, A.J., dissents in separate opinion.

FINNEY, Justice, dissenting:

I respectfully dissent. In my view, the solicitor's argument to the jury constituted error for two reasons.

First, the solicitor argued the deterrent effect of capital punishment on crime when no evidence on this issue was presented at trial. It is an elementary principle of law that solicitors *must* confine penalty phase summations to the trial record, its reasonable inferences and must focus on the defendant's characteristics and nature of the crime. *See State v. Cockerham,* 294 S.C. 380, 365 S.E. (2d) 22 (1988); *State v. Linder,* 276 S.C. 304, 278 S.E. (2d) 335 (1981). This principle of law prevents solicitors from injecting arbitrary, extrinsic and prejudicial matters, which have no basis in evidence, into their closing arguments.

In *State v. Gilbert,* 277 S.C. 53, 283 S.E. (2d) 179 (1981), this Court determined that, as an evidentiary matter, the deterrent effect of capital punishment is not an appropriate consideration for a jury and is irrelevant to the question of

punishment in a particular case. Specifically, we stated:

> The propriety of the death sentence as a form of punishment is a matter addressed to the discretion of the legislature. The legislature has determined that capital punishment is an appropriate mode of punishment in this State. This Court will not sacrifice judicial resources in considering the philosophical correctness of capital punishment since it has been legislatively approved in a statutory complex we have previously examined and found to be constitutional.

*Id.*, 283 S.E. (2d) at 181. *See also State v. Thompson,* 278 S.C. 1, 292 S.E. (2d) 581 (1982); *State v. Plath,* 277 S.C. 126, 284 S.E. (2d) 221 (1981); *State v. Woomer,* 278 S.C. 468, 299 S.E. (2d) 317 (1982). Additionally, the United States Supreme Court has noted that questions of the deterrent function of capital punishment are for the legislature and not for a jury's consideration in a particular case. *See Spaziano v. Florida,* 468 U.S. 447, 104 S. Ct. 3154, 82 L. Ed. (2d) 340 (1984).

In *State v. Patterson,* 285 S.C. 5, 327 S.E. (2d) 650 (1984), this Court was confronted with the issue of determining if the trial court correctly refused to charge the jury not to speculate whether a life or death sentence would deter similar crimes. In upholding the trial judge, we stated: "[T]he sole function of the jury in a capital sentencing trial is the individualized selection of one or the other penalty, based upon circumstances of the crime and characteristics of the individual defendant." *Id.* 327 S.E. (2d) at 654, *citing State v. Plath,* 281 S.C. 1, 313 S.E. (2d) 619 (1984).

Since *evidence* of the deterrent effect of capital punishment may not be introduced at trial, jury arguments which open the door for consideration of this issue are inappropriate because they inject an arbitrary and capricious factor into the jury's deliberations.

The majority, by relying upon *State v. Jones,* 298 S.C. 118, 378 S.E. (2d) 594 (1989), and *State v. Yates,* 280 S.C. 29, 310 S.E. (2d) 805 (1982), fails to consider the longstanding principle that solicitors *must* confine penalty phase summations to the trial record and that in the present case, the solicitor's argument clearly exceeded that record.

Second, in my opinion, the trial court erred when it allowed

the solicitor to contrast appellant's character with that of other accused persons awaiting trial because the argument referenced matters outside the record. The contrast of appellant's character with that of other criminal defendants being prosecuted in Lancaster County is deleterious in that the solicitor offered his personal opinion—devoid of evidentiary basis—of appellant's character.

A prosecutor cannot inject his personal beliefs or opinions into a case as though they were evidence because the resulting death sentence may not be free from the influence of any arbitrary factor as required by S.C. Code Ann. § 16-3-25(C)(1) (1976) and the Eighth Amendment of the United States Constitution. *State v. Butler,* 277 S.C. 543, 290 S.E. (2d) 420 (1982).

In *State v. Butler, supra,* the solicitor contrasted the merits of Butler's prosecution with those of other cases he had prosecuted in the previous eight years. This Court reversed Butler's conviction and sentence by holding that "the relative merits of this prosecution as compared to all other cases over the previous eight-and-a-half years were all matters which were not within the record and its reasonable inferences." *Id.* 290 S.E. (2d) at 422, citing *State v. Linder, supra.* In short, the contrast constituted argument outside the record and created an arbitrary factor. *Id.*

The majority distinguishes this case from *Butler* by concluding that the solicitor's comments do not compare the relative merits of the present prosecution with others. The majority, however, fails to recognize that this Court, in *Butler,* also based its determination on the fact that the matters "were not within the record and its reasonable inferences." Similarly, in the present case, the solicitor's comments constituted conjecture and prejudicial matters not within the record and its reasonable inferences. Thus, as in *Butler,* the comments constitute reversible error.

For the foregoing reasons, it is my opinion that appellant was denied his right to a fair trial. I would vacate appellant's death sentence and remand this case for a new sentencing proceeding.