505 S.E.2d 338

**The STATE, Respondent,**

v.

**Joseph M.L. GARDNER, Appellant.**

**No. 24837.**

Supreme Court of South Carolina.

Heard March 3, 1998.

Decided Sept. 14, 1998.

Deputy Chief Attorney Joseph L. Savitz, III, of The South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, Columbia, and Solicitor Walter M. Bailey, Jr., Summerville, for respondent.

PER CURIAM.

This is a death penalty case. Appellant was convicted of murder and kidnaping and received a death sentence after the jury found the aggravating circumstances of criminal sexual conduct (CSC), kidnaping, and physical torture. This opinion consolidates the direct appeal and our mandatory review pursuant to S.C.Code Ann. § 16–3–25 (1985). We affirm.

The events leading to these crimes began on the evening of December 30, 1992, when the victim, an intoxicated young woman, got into an automobile with three men she did not know. The men drove to a trailer, where the victim engaged in sex acts with several different men. While the victim initially voluntarily participated in these acts, she soon objected, but the assaults continued. Appellant attempted to sodomize the victim over her protests. When the men were finished, the victim was instructed to bathe. She was then placed in handcuffs, blindfolded, and taken from the trailer to a waiting car with a heavy coat placed over her head. Three men got in the car: the victim was forced onto the floorboard area in the backseat, one man sat beside her, and appellant took the front passenger's seat. The men drove for a period of time, leaving the county where the trailer was located and entering Dorchester County.[1]

The victim freed herself from the handcuffs, and began to struggle. Appellant turned towards the back of the car, pushed the victim's head back, and shot her twice in the face. The driver pulled the car onto the shoulder, and appellant shot the victim three more times. The men then dumped the victim out of the car, and left her on the roadside. The men

---

1. This crossing of county and judicial circuit boundaries explains why appellant was not charged with CSC in this case.

returned to the trailer, and went out nightclubbing. Passers-by saw the body on the side of the highway, and called for help. While the victim was still alive when the first people stopped, she soon died.

The victim was picked up on December 30, and killed on December 31, 1992. All persons involved fled the State; some were arrested in January 1993, but appellant remained at large until October 1994, when he was arrested in Philadelphia. This case was tried in December 1995. There was a good deal of publicity surrounding this trial.

As a result of the pretrial publicity, appellant made a change of venue motion. He now contends the trial judge erred in denying this request. We disagree. When a change of venue motion is predicated on pre-trial publicity, the relevant inquiry is whether potential jurors have "such fixed opinions that they could not judge impartially the guilt of the defendant." *State v. Manning*, 329 S.C. 1, 495 S.E.2d 191 (1997). The moving party bears the burden of proving actual juror prejudice, and the trial court's ruling on the venue motion will not be reversed on appeal absent an abuse of discretion. *Id.*

Appellant's argument is that the trial court erred in finding credible the potential jurors' statements on voir dire that they could act impartially. We defer to the trial judge's view of the potential jurors' credibility, since he had the opportunity to view their demeanor. e.g., *Solomon v. State*, 313 S.C. 526, 443 S.E.2d 540 (1994). There is no showing of actual juror prejudice, nor is there a lack of evidentiary support for the trial judge's ruling. Appellant has failed to demonstrate an abuse of discretion in the denial of his motion for a change of venue. *State v. Manning, supra.*

Appellant next contends the trial judge committed reversible error in admitting a close-up color photograph of the victim's face in the sentencing phase of this trial. The photo accurately depicts the victim's condition after appellant left her, having shot her in the lower part of her face five times. Photographs of the victim's body are admissible in the sentencing phase of a capital trial to show the circumstances of the crime and the defendant's character. *State v. Kornah-*

*rens,* 290 S.C. 281, 350 S.E.2d 180 (1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987). While the trial judge is required to balance the prejudicial effect of a photo against its probative value, the scope of probative value is much broader in the sentencing phase of a capital trial than in other proceedings. *Id.* We find no abuse of discretion here.

The third issue appellant raises concerns the solicitor's cross-examination of two witnesses and his closing argument. Appellant's misconduct in the local jail while awaiting trial led to his transfer to Broad River Correctional Institution where he was placed on safe-keeping status, and housed in the death row area. In an effort to show appellant's adaptability to prison life, he called two correctional officers to testify to his good conduct while housed as a safe-keeper. The solicitor rebutted this evidence by presenting testimony from the jail officials who had dealt with appellant prior to his transfer to Broad River, and cross-examined the two correctional officers called by appellant. The cross-examination focused on two points: (1) the difference in prison rules and regulations between safe-keepers, whose daily routine is like those serving a death sentence, and those in the general prison population, whose routine is more like appellant's jail experience, to demonstrate appellant was not really adaptable to prison life; and (2) the "good life" available to those in the general population, such as access to educational opportunities, libraries, gyms, and television.

■ Appellant contends the trial court erred in permitting the officers to be cross-examined on the particulars of the "easy life" afforded an inmate housed in the general population, and in allowing the solicitor to argue in his closing argument that this easy life was not an appropriate punishment for appellant's crimes. There was no objection to the closing argument, and therefore no issue is preserved for our review. *State v. Franklin,* 318 S.C. 47, 456 S.E.2d 357, *cert. denied,* 516 U.S. 856, 116 S.Ct. 160, 133 L.Ed.2d 103 (1995). Further, appellant interposed no objection to the cross-examination of the first officer, and initially interposed only a general objection to the cross of the second officer. When he finally did object, appellant raised different grounds than those he now asserts on appeal. Appellant simply failed to preserve any meaningful objection to this line of cross-exami-

nation, and we cannot review it. *State v. Motley,* 251 S.C. 568, 164 S.E.2d 569 (1968) (no prejudice shown where a different witness testified to same matter without objection); *State v. Nichols,* 325 S.C. 111, 481 S.E.2d 118 (1997) (general objection insufficient to preserve issue for appellate review); *State v. Byram,* 326 S.C. 107, 485 S.E.2d 360 (1997) (appellant cannot change grounds for objection on appeal).

■ Finally, appellant contends the trial court erred in denying his motion to direct a verdict on the aggravating circumstance of physical torture. We find no error, given the graphic testimony that the victim was subjected to repeated sexual assaults, including appellant's attempts to sodomize her. There was sufficient evidence that the victim was intentionally subjected to aggravated battery to warrant submission of the aggravating circumstance of physical torture to the jury. *State v. Davis,* 309 S.C. 326, 422 S.E.2d 133 (1992); *State v. Smith,* 298 S.C. 482, 381 S.E.2d 724 (1989).

We have conducted the proportionality review mandated by S.C.Code Ann. § 16-3-25, and find the sentence in this case is not the result of passion, prejudice or any other arbitrary factor, and is neither excessive nor disproportionate. *State v. Davis, supra; State v. Truesdale,* 301 S.C. 546, 393 S.E.2d 168 (1990) *facts reported in* 285 S.C. 13, 328 S.E.2d 53 (1984). Accordingly, appellant's conviction and sentence are

**AFFIRMED.**