THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Martin Walter Lucas,       
Appellant.
 
 
 

Appeal From York County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2003-UP-014
Submitted October 22, 2002  Filed January 
 7, 2003   

AFFIRMED

 
 
 
Martin Walter Lucas, pro se
Attorney General Charles M. Condon, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Senior Assistant Attorney General Harold M. Coombs, Jr., of Columbia; Solicitor 
 Thomas E. Pope, of York; for Respondent
 
 
 

PER CURIAM: A jury convicted Martin Walter 
 Lucas of felony resisting arrest.  The trial judge sentenced Lucas to ten years 
 imprisonment, with credit for thirteen and a half months already served. 
FACTS
On September 4, 1999, Officer Stoneburner went 
 to a camper/trailer on South Sutton Road in Fort Mill to investigate an incident 
 involving Lucas.  Outstanding warrants existed for Lucass arrest.  While Stoneburner 
 was inside speaking with the trailers two occupants Lucas entered the door 
 and charged at Stoneburner.  Stoneburner pushed Lucas back to create space between 
 the two of them.  Stoneburner told Lucas he was under arrest and called for 
 assistance on his hand-held radio. 
Lucas charged Stoneburner again, this time grabbing 
 for Stoneburners gun.  Stoneburner used his right hand to lock Lucass hand 
 down on the holster to prevent the gun from coming out of the holster.  With 
 his left hand, Stoneburner struck Lucas once on his head/neck area and again 
 on Lucass forearm, thus causing Lucas to release his hold on the holster.  
 Stoneburner pushed Lucas away and pulled out his pepper spray and sprayed it.  
 Lucas charged again, grabbing Stoneburners hand holding the pepper spray.  
 The two struggled over the pepper spray as Stoneburner commanded Lucas to stop 
 resisting and get on the ground.  The pepper spray caused Lucas to slow down 
 and quit fighting.  Stoneburner took control and forced Lucas on the ground 
 and handcuffed him.  Stoneburner held Lucas down by standing on Lucass hands 
 until his backup arrived on the scene.
The State presented only the testimony of Officer 
 Stoneburner.  Lucas did not present any defense.  The jury convicted Lucas of 
 felony resisting arrest.  Lucas, appearing pro se, now appeals.
LAW/ANALYSIS
A.            Representation
Lucas argues his due process rights and his right 
 to personally manage and conduct his own defense were violated when Lucas 
 was compelled to choose between proceeding to trial with his appointed counsel 
 or proceeding pro se without adequate access to legal materials 
 necessary to prepare a defense. 
On November 7, 2000, Lucas, accompanied by defense 
 counsel, appeared at a hearing before the circuit court 
 [1] because Lucas had expressed dissatisfaction with his attorneys services 
 and indicated he wished to represent himself.  Lucas indicated his dissatisfaction 
 arose from a lack of communication between himself and his attorneys. Lucas 
 admitted he had spoken with one of his attorneys on two occasions and had also 
 spoken numerous times with an investigator from the Public Defenders office.  
 Lucass counsel indicated any alleged lack of communication did not pose a problem 
 in their preparation for trial on Lucass charges. 
The judge stated in his opinion it would be a serious 
 mistake for Lucas to represent himself given his attorneys experience level 
 and their commitment to vigorously represent their clients.  The judge inquired 
 into Lucass education, background, and experience with criminal trials and 
 noted Lucass articulation and understanding of the issues involved but warned 
 Lucas that subtle issues might arise that only trained attorneys would be prepared 
 for.  See Wroten v. State, 301 S.C. 293, 391 S.E.2d 575 (1990) 
 (stating a defendant must be made aware of the dangers and disadvantages of 
 self-representation so that the record will establish he knows what he is doing); 
 Faretta v. California, 422 U.S. 806 (1975) (holding a defendant must 
 knowingly and intelligently forgo the benefits of counsel; a valid waiver of 
 counsel is established if the defendant is advised of his right to counsel and 
 is adequately warned of the dangers of self-representation).
The judge gave Lucas two options:  (1) dismiss 
 appointed counsel and proceed pro se, or (2) continue with appointed 
 counsel.  Before choosing, Lucas asked the judge whether he would have 
 adequate access to a law library if he decided to proceed pro se.  
 The judge could not answer this and deferred to the solicitor concerning the 
 countys practice for access to legal materials.  The solicitor acknowledged 
 access was limited.  The judge and the solicitor both agreed limited access 
 to the library was a problem.  Lucas decided to proceed with appointed counsel. 

Initially, it appears Lucass argument is not preserved 
 for review.  Lucas did not present this issue to the judge presiding over his 
 trial.  Issues neither presented to nor ruled upon by the trial judge are deemed 
 waived and cannot be considered by this Court for the first time on appeal.  
 See State v. Newton, 274 S.C. 287, 293, 262 S.E.2d 906, 910 (1980) 
 (Questions which are not presented to or passed upon by the trial judge cannot 
 be raised for the first time on appeal and are consequently waived.).  Lucas 
 made his decision regarding representation in a hearing three weeks prior to 
 trial.  By not raising this issue before the trial judge Lucas has waived this 
 issue.  Cf. State v. Cash, 304 S.C. 223, 403 S.E.2d 632 (1991) 
 (addressing issue of whether defendant knowingly and intelligently waived the 
 right to counsel; defendant did not raise this issue to the trial judge); State 
 v. Rocheville, 310 S.C. 20, 25 n.4, 425 S.E.2d 32, 35 n.4 (1993) (recognizing 
 the Cash exception to the general rule requiring a contemporaneous objection).
In any event, any alleged error by the judge in 
 compelling Lucas to choose between appointed counsel and proceeding pro 
 se did not prejudice Lucas or deny him of due process.  Lucass decision 
 to proceed with appointed counsel, even considering Lucass claim of communication 
 breakdowns, was surely more beneficial than harmful.  Cf. Martinez 
 v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 161 (stating 
 even in ineffective counsel cases, it is reasonable to assume that counsels 
 performance is more effective than what the unskilled appellant could have provided 
 for himself).  The judge did not force appointed counsel upon Lucas.  See 
 Faretta, 422 U.S. at 807 (finding a State may not constitutionally hale 
 a defendant into court and force a lawyer upon him, even when the defendant 
 insists on conducting his own defense).
Lucas cites federal cases standing for the proposition 
 that a defendant who exercises his right to self-representation under Faretta 
 should not have to subject himself to the possibility that there will be no 
 meaningful opportunity to prepare a defense.  See Milton v. Morris, 
 767 F.2d 1443 (9th Cir. 1985) (finding a defendants right to make a defense 
 is denied where a defendant chooses to represent himself and is completely thwarted 
 in his efforts to prepare a defense because of inadequate access to the telephone 
 and up-to-date legal materials).  By deciding to proceed with appointed counsel 
 Lucas makes it unnecessary for this Court to review whether he had adequate 
 access to legal materials necessary to prepare a defense.  
Lucas also argues a decision between incompetent 
 or unprepared counsel and appearing pro se is a dilemma of constitutional 
 magnitude.  This argument is without merit.  The judge found Lucass counsel 
 to be prepared and competent.
B.            Motion to Consolidate
Lucas argues the trial judge should have granted 
 his motion to consolidate for trial several charges arising within days of each 
 other.  Lucass charge for resisting arrest arose on September 4, 1999.  Warrants 
 had been issued for Lucass arrest for crimes committed three days earlier on 
 September 1, 1999.  Lucas argues the offenses committed on September 1, 1999, 
 should have been tried together with the resisting arrest offense to prevent 
 a fragmented case allowing the State to avoid the entry of exculpatory evidence. [2] 
The trial judge is generally without authority to consolidate 
 criminal charges.  

Under the separation of powers doctrine, which is the basis 
 for our form of government, the Executive Branch is vested with the power to 
 decide when and how to prosecute a case.  Both the South Carolina Constitution 
 and South Carolina case law place the unfettered discretion to prosecute solely 
 in the prosecutors hands.  The Attorney General as the States chief prosecutor 
 may decide when and where to present an indictment, and may even decide whether 
 an indictment should be sought.

State v. Thrift, 312 S.C. 282, 291-92, 440 
 S.E.2d 341, 346 (1994); see also State v. Tyndall, 336 S.C. 8, 
 18, 518 S.E.2d 278, 283 (Ct. App. 1999) (the resisting arrest statute does 
 not mandate the underlying arrest be prosecuted as a prerequisite for the indictment, 
 prosecution, or conviction of resisting arrest).  Lucass defense counsel argued 
 at trial the consolidation of the charges would explain the presence of the 
 police officers.  This argument is without merit in light of Lucass offer 
 to stipulate to probable cause for the underlying arrest.  Moreover, defense 
 counsel did not object when Officer Stoneburner was asked about his knowledge 
 of outstanding warrants for Lucass arrest.   
Lucas also argues the solicitor avoided the introduction 
 of an exculpatory letter and accompanying eyewitness testimony by the letters 
 author by failing to consolidate the charges.  Lucas asserts the solicitor did 
 not disclose the existence of the letter.  There is no merit to these contentions.  
 Lucass defense counsel noted on the record the solicitors compliance with 
 the discovery requirements of Brady v. Maryland, 373 U.S. 83 (1963).   
 Moreover, Lucas did not present a defense.  Lucas would have been free to call 
 the eyewitness to testify in his defense.
The trial judge did not err in refusing to grant 
 Lucass motion to consolidate.
C.            Directed Verdict
Lucas argues the trial judge erred by denying his motion 
 for a directed verdict given there existed no competent evidence of his guilt 
 for resisting arrest.
The jury convicted Lucas of violating S.C. Code Ann. 
 § 16-9-320(B) (Supp. 2001), which provides:

It is unlawful for a person to knowingly and wilfully assault, 
 beat, or wound a law enforcement officer engaged in serving, executing, or attempting 
 to serve or execute a legal writ or process or to assault, beat, or wound an 
 officer when the person is resisting an arrest being made by one whom the person 
 knows or reasonably should know is a law enforcement officer, whether under 
 process or not.  A person who violates the provisions of this subsection is 
 guilty of a felony and, upon conviction, must be fined not less than one thousand 
 dollars nor more than ten thousand dollars or imprisoned not more than ten years, 
 or both.

In reviewing the denial 
 of a motion for a directed verdict, the evidence must be viewed in the light 
 most favorable to the State.  State v. McGowan, 347 S.C. 618, 622, 557 
 S.E.2d 657, 659 (2001).  If there is any direct evidence or any substantial 
 circumstantial evidence reasonably tending to prove the guilt of the accused, 
 an appellate court must find that the case was properly submitted to the jury.  
 Id.  
Lucas argues a directed verdict should have been 
 granted because the physical facts did not support a guilty verdict.  Lucas 
 asserts Officers Stoneburners testimony concerning the altercation cannot 
 be given any credence given the State did not produce any evidence of bruises, 
 scratches, or cuts on Lucas or Officer Stoneburner.  Lucas also contends a directed 
 verdict was warranted because the State did not produce evidence of any broken 
 or damaged property within the small confines of the camper/trailer.  Lucass 
 argument merely concerns the weight and credibility of Officer Stoneburners 
 testimony.  In the light most favorable to the State, Officer Stoneburners 
 testimony provided direct evidence of a willful assault on a law enforcement 
 officer while the officer attempted to arrest the defendant.  Stoneburners 
 marked patrol car was parked outside the camper and Stoneburner was dressed 
 in his police uniform. Stoneburner testified Lucas charged at him repeatedly, 
 even after Stoneburner told Lucas he was under arrest.  The trial judge did 
 not err in refusing to grant a directed verdict.
CONCLUSION
Based on the foregoing analysis, 
 Lucass conviction for resisting arrest is 
 AFFIRMED.
CONNOR, STILWELL and 
 HOWARD, JJ., concur.

 
 
 [1]   Lucas appeared at the hearing before a different judge than the 
 judge presiding at Lucass trial.  

 
 
 [2]    As an initial matter, Lucas contends his due process rights were 
 violated by not being allowed to attend a pretrial in camera hearing on the 
 motion to consolidate.  This issue was not raised before the trial judge and 
 should not be addressed on appeal.  State v. Huggins, 336 S.C. 200, 
 519 S.E.2d 574 (1999) (stating an issue may not be raised for the first time 
 on appeal).