631 S.E.2d 918

**Marcus FRYER, Respondent,**

v.

**SOUTH CAROLINA LAW ENFORCEMENT DIVISION, Appellant.**

**No. 4123.**

Court of Appeals of South Carolina.

Submitted May 1, 2006.

Decided June 19, 2006.

396

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General T. Stephen Lynch, and Assistant Attorney General Elizabeth R. McMahon, all of Columbia, for Appellant.

Marcus Fryer, of Columbia, for Respondent.

STILWELL, J.

The South Carolina Law Enforcement Division (SLED) appeals a trial court's order expunging the record of Marcus Fryer's conviction for petit larceny. We affirm.[1]

## FACTS

Fryer alleges he was arrested on February 26, 1989, arising from his attempt to purchase a bag of chips from a vending machine. When the machine failed to eject the chips, Fryer shook the machine, causing the glass front to break. Fryer was charged with petit larceny. By arrest warrant dated March 16, 1989, Fryer was also charged with malicious injury to personal property. Fryer testified both charges arose from the vending machine incident, and he was arrested only one time for the incident. He pled guilty in magistrate court to both charges in a single hearing.

In 1998, Fryer petitioned the court for expungement of his arrest record. By order dated October 9, 1998, the court issued an order expunging the malicious injury to personal property charge. SLED expunged only the record of that charge. When Fryer learned only one charge had been expunged, he petitioned the court for expungement of the petit larceny charge.

At a hearing on Fryer's petition, SLED submitted finger-print cards dated February 26, 1989 and March 16, 1989, arguing the separate cards indicated separate arrests which, in turn, indicated separate incidents. Fryer attempted to retrieve the magistrate's records and was informed the magistrate no longer had the files because, according to the magistrate, the charges had already been expunged.

By order dated June 25, 2000, the court ordered the petit larceny charge expunged. The order was forwarded to SLED for execution. SLED wrote a letter to the judge requesting advice as SLED's records showed Fryer was not eligible for expungement of the petit larceny charge. However, SLED did not move for reconsideration or appeal the 2000 order.

SLED did not expunge the petit larceny charge. In April of 2002, after Fryer learned the charge had not been ex-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

punged, he again petitioned for expungement of the petit larceny charge based on the June 25, 2000 order. The trial court held an evidentiary hearing on the petition.

The trial court made the factual finding that Fryer was arrested once based on the vending machine incident and both charges stemmed from that incident. Fryer and his mother each testified there was only one arrest arising from a single incident. SLED employee Joseph E. Means, Jr. admitted that SLED expunges multiple offenses arising from a single arrest. SLED contended, however, that because the finger-print cards were dated over a week apart, and because the warrants for the two offenses were not in numeric order, there must have been two arrests arising from two incidents.

By order dated August 4, 2004, the court, interpreting Fryer's petition as a petition for a writ of mandamus, found one arrest arising from a single incident, concluded the 2000 order was valid, and granted mandamus. SLED appeals.

## LAW/ANALYSIS

SLED argues the 2000 order expunging the petit larceny charge is void because it is in violation of South Carolina Code section 22–5–910.[2] We disagree.

The 2000 order of expungement is not void. A void judgment is one that, from its inception, is a complete nullity and is without legal effect and must be distinguished from one that is merely voidable. *Thomas Howard Co. v. T.W. Graham Co.,* 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). "The definition of 'void' ... encompasses judgments from courts which ... lacked subject matter jurisdiction. . . ." *McDaniel v. U.S. Fid. Guar. Co.,* 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct.App.1996). Irregularities not involving jurisdiction do not render a judgment void. *Thomas Howard Co.,* 318 S.C. at 291, 457 S.E.2d at 343.

Although SLED does not directly challenge the cir-cuit court's specific power to expunge under the statute,

---

**2.** Section 22–5–910 provides, *inter alia,* for the expungement of first offense convictions in magistrate court, after three years, provided the defendant has no other conviction during the three-year period. S.C.Code Ann. § 22–5–910 (Supp.2005) (amended). "No person may have his records expunged under this section more than once." *Id.*

SLED argues the court lacked subject matter jurisdiction in this case because of the statute's prohibition against more than one expungement. We disagree. Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *State v. Gentry,* 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005). The circuit court clearly had subject matter jurisdiction over Fryer's petition. Because the court had subject matter jurisdiction, SLED should have directly appealed the 2000 order. "There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal." *Thomas Howard Co.,* 318 S.C. at 291, 457 S.E.2d at 343. When a court acts with proper subject matter jurisdiction, but takes action outside of its authority, the party against whom the act is done must object and directly appeal. *Coon v. Coon,* 356 S.C. 342, 347–48, 588 S.E.2d 624, 627 (Ct.App.2003), *aff'd as modified,* 364 S.C. 563, 614 S.E.2d 616 (2005).

 SLED next argues the trial court erred in granting mandamus in the 2004 order. SLED argues mandamus was neither requested nor deserved. We find SLED has failed to preserve this issue. A post-trial motion must be made when the trial court either grants relief not requested or rules on an issue not raised at trial. *Pelican Bldg. Ctrs. of Horry–Georgetown, Inc. v. Dutton,* 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993).

SLED finally argues the trial court erred in finding res judicata and estoppel applied to SLED's challenge of the 2000 order because there was no litigation prior to the issuance of the 2000 order. Based on our finding that the 2000 order was not void and SLED did not appeal the order, we decline to reach the issues of res judicata and estoppel.

## CONCLUSION

For the foregoing reasons, the order on appeal is **AFFIRMED.**

HUFF and BEATTY, JJ., concur.