**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State,                                    Respondent,

v.

Nelson H. Castro,                             Appellant.

———————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-378
Submitted June 1, 2012 – Filed June 20, 2012

———————

**AFFIRMED**

———————

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all

of Columbia; and Solicitor J. Gregory Hembree, of Conway, for Respondent.

**PER CURIAM:** Nelson H. Castro appeals his conviction of trafficking in cocaine in an amount between twenty-eight and one hundred grams, arguing the trial court erred in (1) denying his motion for a mistrial when the confidential informant improperly testified about prior purchases of marijuana and cocaine from Castro and (2) penalizing Castro for exercising his Sixth Amendment right to trial by jury. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      As to whether the circuit court erred in denying his motion for a mistrial when the confidential informant improperly testified about prior purchases of marijuana and cocaine from Castro: State v. Wilson, 389 S.C. 579, 585, 698 S.E.2d 862, 865 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the [circuit] court. The [circuit] court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law." (internal citations and quotation marks omitted)); id. at 585-86, 698 S.E.2d at 865 ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and prejudice in order to be entitled to a mistrial. Insubstantial errors that do not impact the result of the case do not warrant a mistrial when guilt is conclusively proven by competent evidence." (internal citations and quotation marks omitted)).

2.      As to whether the circuit court improperly penalized Castro for exercising his Sixth Amendment right to trial by jury: State v. Johnston, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) (noting that the South Carolina Supreme Court "has consistently held that a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review"); State v. Huggins, 336 S.C. 200, 203 n.2, 519 S.E.2d 574, 575 n.2 (1999) (applying preservation requirements to constitutional arguments).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**