**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

James Lamont Moore, Appellant.

Appellate Case No. 2012-213734

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2015-UP-098
Heard January 6, 2015 – Filed March 4, 2015

**AFFIRMED**

Brandon Scott Smith, of Nelson Mullins Riley & Scarborough, LLP, and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan M. Wilson and Assistant Attorney General Christina Catoe Bigelow, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** James Lamont Moore appeals his conviction for distribution of crack cocaine, arguing the trial court erred in (1) denying his motion to redact statements in a video exhibit, (2) denying his motion for a mistrial, and (3) trying him in his absence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in denying Moore's motion to redact statements in a video exhibit: Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009) (stating "[t]he trial judge has considerable latitude in ruling on the admissibility of evidence and his decision should not be disturbed absent prejudicial abuse of discretion" in reviewing the admissibility of evidence under Rule 404(b)); Rule 403, SCRE (stating "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) (providing an appellate court reviews a trial court's decision regarding Rule 403 pursuant to the abuse of discretion standard and is obligated to give great deference to the trial court's judgment); *id.* ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *State v. Huggins*, 336 S.C. 200, 204, 519 S.E.2d 574, 576 (1999) ("Error without prejudice does not warrant reversal.").

2.      As to whether the trial court erred in denying Moore's motion for a mistrial: *State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911-12 (1996) ("If the trial judge sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured."); *id.* ("No issue is preserved for appellate review if the objecting party accepts the judge's ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial."); *State v. Heller*, 399 S.C. 157, 174, 731 S.E.2d 312, 321 (Ct. App. 2012) (concluding a motion for a mistrial was not preserved for appellate review when the court sustained an objection and gave a curative instruction and Heller did not contemporaneously move for a mistrial but waited until after the State completed examination of the witness and the court took a fifteen minute recess).

3.     As to whether the trial court erred by not making specific findings of fact on the record that Moore received notice of his right to be present and was warned the trial would proceed in his absence: Rule 16, SCRCrimP ("[A] person indicted for misdemeanors and/or felonies may voluntarily waive his right to be present and may be tried in his absence upon a finding by the court that such person has received notice of his right to be present and that a warning was given that the trial would proceed in his absence upon a failure to attend the court."); *State v. Williams*, 292 S.C. 231, 232, 355 S.E.2d 861, 862 (1987) (finding error in complying with requirement to make specific findings is subject to a harmless error analysis); *Huggins*, 336 S.C. at 204, 519 S.E.2d at 576 ("Error without prejudice does not warrant reversal.").

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**