**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Levance Dunham, Appellant.

Appellate Case No. 2018-001438

---

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-291
Submitted April 1, 2021 – Filed August 4, 2021

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

---

**PER CURIAM:**  Levance Dunham appeals his conviction of possession of cocaine base and sentence of five years' imprisonment.  Dunham argues the trial court erred by admitting his wanted poster with his mugshot on it because the

danger of unfair prejudice substantially outweighed the poster's probative value. We affirm.

We find the trial court abused its discretion by admitting the wanted poster, which included Dunham's mugshot. *See State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002))); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Traylor*, 360 S.C. 74, 84, 600 S.E.2d 523, 528 (2004) ("The introduction of a 'mug-shot' of a defendant is reversible error unless: (1) the state has a demonstrable need to introduce the photograph, (2) the photograph shown to the jury does not suggest the defendant has a criminal record, and (3) the photograph is not introduced in such a way as to draw attention to its origin or implication.").

First, we find the State's asserted need for admitting the wanted poster—to corroborate Officer Micah Young's testimony—was insufficient because the body camera footage and Officer Verna Robertson's testimony already fully corroborated Officer Young's testimony. Second, the wanted poster suggested that Dunham had a criminal record because it stated he was wanted for the commission of a crime other than possession of cocaine base. Moreover, a jury could infer that Dunham was arrested on charges for a third crime because the mugshot on the wanted poster would have been taken during an arrest for charges other than the one for which he was wanted. Third, the State introduced the wanted poster in a manner that drew attention to the mugshot's origin because the wanted poster stated that the photograph was taken at the Sumter-Lee Regional Detention Center. Thus, the State failed to show a demonstrable need to admit the wanted poster, the wanted poster suggested Dunham had a criminal record, and the wanted poster drew attention to its origin as a mugshot.

However, we affirm Dunham's conviction because he was not prejudiced by the admission of the wanted poster beyond a reasonable doubt. *See State v. Huggins*, 336 S.C. 200, 204, 519 S.E.2d 574, 576 (1999) ("Error without prejudice does not warrant reversal."); *State v. Tapp*, 398 S.C. 376, 389, 728 S.E.2d 468, 475 (2012) ("The key factor for determining whether a trial error constitutes reversible error is 'whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."'" (quoting *State v. Charping*, 313 S.C. 147, 157, 437 S.E.2d 88, 94 (1993) (Goolsby A.J., concurring))); *State v. King*, 424 S.C. 188,

201, 818 S.E.2d 204, 211 (2018) ("[A]n insubstantial error not affecting a trial's result is harmless where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.'" (quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989))); *Traylor*, 360 S.C. at 84, 600 S.E.2d at 528 (holding the admission of appellant's mugshot was error, but affirming Traylor's conviction because the mugshot did not prejudice him). The evidence presented at trial was overwhelming; thus, the error did not contribute to the guilty verdict beyond a reasonable doubt. *See State v. Chavis*, 412 S.C. 101, 109, 771 S.E.2d 336, 340 (2015) (holding error was harmless beyond a reasonable doubt "in light of the substantial evidence of guilt"). Officer Young and Officer Robertson testified they found cocaine base in Dunham's pocket and a pipe on the floorboard where Dunham was seated. An expert in drug analysis testified the substance was cocaine base. Critically, the video footage taken from Officer Young's body camera showed Officer Young find a pipe and remove a rock-like substance from Dunham's pocket. All of this evidence, especially the video evidence showing Officer Young remove the rock-like substance, rendered the admission of the wanted poster harmless because its admission could not reasonably have affected the result of Dunham's trial.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.