**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Linda Ammons, Respondent,

v.

Ormondo Leombruno, Appellant.

Appellate Case No. 2021-001539

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2024-UP-180
Submitted May 8, 2024 – Filed May 22, 2024

———————

**REVERSED AND REMANDED**

———————

J. Thomas Mikell, of J. Thomas Mikell, P.C., of Beaufort, for Appellant.

Linda Ammons, of Beaufort, pro se.

———————

**PER CURIAM:** Ormondo Leombruno appeals two orders issued by the Master-in-Equity reversing contempt orders issued by a magistrate against Linda Ammons. In both orders, the Master stated he reversed the contempt orders because of a defect in subject matter jurisdiction. We reverse and remand for further proceedings.

"Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994) (quoting *Bank of Babylon v. Quirk*, 472 A.2d 21, 22 (Conn. 1984)). "Lack of subject matter jurisdiction may be raised at any time, and may be raised for the first time on appeal." *Gantt v. Selph*, 423 S.C. 333, 338, 814 S.E.2d 523, 525-26 (2018).

However, "[n]umerous cases have held that subject matter jurisdiction is not implicated when the court possesses the power to hear and determine cases of the general class to which the proceedings in question belong." *Gainey v. Gainey*, 382 S.C. 414, 424, 675 S.E.2d 792, 797 (Ct. App. 2009). As our supreme court has explained,

> There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal. A judgment will not be vacated for a mere irregularity which does not affect the justice of the case, and of which the party could have availed himself, but did not do so until judgment was rendered against him.

*Thomas & Howard Co., Inc. v. T.W. Graham and Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). Furthermore, "[w]hen a court acts with proper subject matter jurisdiction, but takes action outside of its authority, the party against whom the act is done must object and directly appeal." *Fryer v. S.C. Law Enf't Div.*, 369 S.C. 395, 399, 631 S.E.2d 918, 920 (Ct. App. 2006).

A restraining order issued by a magistrate court "remains in effect for a fixed period of time of not less than one year, as determined by the court on a case-by-case basis." S.C. Code Ann. § 16-3-1750(E) (2015).

"The circuit court, acting as an appellate court in a case heard by the magistrate, cannot consider questions that have not been presented to the magistrate." *Indigo Assocs. v. Ryan Inv. Co.*, 314 S.C. 519, 523, 431 S.E.2d 271, 273 (Ct. App. 1993). "Also, the parties to an appeal from the magistrate court are restricted to the theory on which the case was tried in the magistrate court." *Id.* at 523, 431 S.E.2d at 273-74.

The orders set aside by the Master were issued pursuant to two contempt actions filed in the magistrate court by Leombruno against Ammons for violations of a mutual restraining order. The magistrate signed the restraining order more than a year before the initiation of either proceeding and conducted separate trials on each of Leombruno's contempt actions. Ammons appeared at both magistrate court hearings and was represented by counsel during one of them, but never asserted during either proceeding that the underlying restraining order could not be enforced against her because it was signed more than a year before Leombruno sought to have her held in contempt. It was not until Ammons's appeal was pending in the court of common pleas that she argued the restraining order had expired according to the laws of the State of South Carolina. Whether or not the argument was correct, it did not concern the magistrate court's "power to hear and determine cases o*f the general class to which the proceedings in question belong*." *See Dove*, 314 S.C. at 237-38, 442 S.E.2d at 600 (emphasis added)). Therefore, Ammons's failure to raise the enforceability of the restraining order during the magistrate court proceedings precluded the Master from considering this issue in deciding her appeal. *See Fryer*, 369 S.C. at 399, 631 S.E.2d at 920 ("When a court acts with proper subject matter jurisdiction, but takes action outside of its authority, the party against whom the act is done must object *and* directly appeal." (emphasis added)); *Indigo Assocs.*, 314 S.C. at 523, 431 S.E.2d at 273 (prohibiting a circuit court, when acting as an appellate court in an appeal from a magistrate court proceeding, from considering questions that were not raised to the magistrate court).

**REVERSED AND REMANDED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.