**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jirair Baghdassarian, Appellant,

v.

Judy Tupolo as Power of Attorney, Respondent.

Appellate Case No. 2022-001785

———————————

Appeal From Oconee County
R. Scott Sprouse, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-157
Submitted March 2, 2026 – Filed April 1, 2026

———————————

**AFFIRMED**

———————————

Jirair Baghdassarian, of Las Vegas, Nevada, pro se.

W. Trey Merck, of Six Mile, for Respondent.

———————————

**PER CURIAM:** Jirair Baghdassarian appeals the circuit court's order granting Judy Tupolo's motion to dismiss Baghdassarian's motion of temporary restraint of Tupolo from serving as the power of attorney (POA) for Donnie Wayne Adair. Baghdassarian also appeals the circuit court's order requiring him to remit $1,335 to the guardian ad litem (GAL) in this case. On appeal, Baghdassarian argues the circuit court erred by (1) failing to acknowledge Tupolo violated Adair's human rights and failed to protect him, (2) failing to find there were "reasonable

suspicions" about Tupolo abusing her medical POA privileges, (3) failing to acknowledge the "absence of legality" in Tupolo's use of her POA privileges to deprive Adair of his rights, (4) failing to set the standard of evidence for abuse of POA as being "reasonable suspicions" instead of clear and convincing evidence or beyond a reasonable doubt, (5) declaring that Baghdassarian was required to have standing to suspend Tupolo as power of attorney under section 62-8-101 of the South Carolina Code (2022) when section 62-5-500 of the South Carolina Code (2022) actually applied, (6) failing to acknowledge Baghdassarian had standing, (7) rejecting Adair's revocation of Tupolo's POA, (8) appointing a GAL for Adair when Adair was not part of the litigation and was not proven incompetent, (9) charging a fee for the GAL report that exceeded $100, and (10) ignoring that the principle of presumption of competency mandated that a person should be considered competent until proven otherwise. Baghdassarian also requests compensation for his "time, effort, and financial expenses" used litigating the case and asserts the circuit court's final order "sets an unacceptable precedent that is very dangerous for the general elderly population." We affirm pursuant to Rule 220(b), SCACR.

We hold issue nine—whether the court abused its discretion when it ordered the parties to split the GAL fees—is not preserved for appellate review because Baghdassarian raised it for the first time on appeal. *See State v. Huggins*, 336 S.C. 200, 205, 519 S.E.2d 574, 577 (1999) ("It is well-settled that issues may not be raised for the first time on appeal."); *Fryer v. S.C. L. Enf't Div.*, 369 S.C. 395, 399, 631 S.E.2d 918, 920 (Ct. App. 2006) ("A post-trial motion must be made when the trial court either grants relief not requested or rules on an issue not raised at trial."). Further, we hold the issue of Baghdassarian's requested compensation is not preserved for review because Baghdassarian raised it for the first time in his motion for reconsideration and could have raised the issue at the October 2022 hearing. *See MailSource, LLC v. M.A. Bailey & Assocs., Inc.*, 356 S.C. 370, 374, 588 S.E.2d 639, 641 (Ct. App. 2003) (explaining a party cannot use a motion to alter or amend a judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure to present an issue to the court that could have been raised prior to judgment but was not). Additionally, Baghdassarian's argument that the circuit court's final order "sets an unacceptable precedent" that is dangerous to the general elderly population is not preserved because he raised it for the first time on appeal. *See Huggins*, 336 S.C. at 205, 519 S.E.2d at 577 ("It is well-settled that issues may not be raised for the first time on appeal.").

We hold the remaining issues are moot because Adair is now deceased and the circuit court's granting of Baghdassarian's motion of temporary restraint would

have no practical effect nor would it provide Baghdassarian with any relief. *See Sloan v. Greenville County.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."); *id.* ("Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief."); *State v. Green*, 337 S.C. 67, 71, 522 S.E.2d 602, 604 (Ct. App. 1999) ("When judgment on an issue can have no practical effect upon an existing case or controversy, the issue is moot."); *Franklin v. Chavis*, 371 S.C. 527, 535 n.7, 640 S.E.2d 873, 877 n.7 (2007) (holding that the question of whether a ward's POA should be declared void was moot because the ward passed away and there was "nothing to be achieved by voiding" the POA after the ward died).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.