**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture, Appellant,

v.

Ginger S. Smith, As Personal Representative of The Estate of Yvonne Curtis Ingram, Deceased; Charles Curtis Ingram; Chadwick Benjamin Ingram, and any other Heirs-at-Law or Devisees of Yvonne Curtis Ingram, deceased, their heirs, Personal Representatives, Administrators, Successors and Assigns, and all other persons entitled to claim through them; all unknown persons with any right, title or interest in the property subject of this matter; also any persons who may be in the military service of the United States of America, being a class designated as John Doe; and any unknown minors or persons under a disability being a class designated as Richard Roe, Respondents.

Appellate Case No. 2023-001416

———————

Appeal From Horry County
Alan D. Clemmons, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-263
Submitted May 21, 2026 – Filed June 3, 2026

———————

**AFFIRMED**

Taylor Anthony Peace, of Harrell, Martin, & Peace, P.A., of Chapin; and Jamie Anna Weller, of Riley Pope & Laney, LLC, of Columbia, for Appellant.

Thomas Dean Kilpatrick, of Murphy and Kilpatrick, LLP, of Columbia, as the Guardian ad Litem for Respondents John Doe and Richard Roe.

**PER CURIAM:** United States of America acting through successor agency, United States Department of Agriculture (USDA), appeals the master-in-equity's limitation of its recovery of costs for property maintenance and preservation (together, property costs) and accrued interest in its foreclosure action against Smith. On appeal, USDA argues the master erred in (1) sua sponte granting Smith relief pursuant to the affirmative defenses of laches and unclean hands when Smith had waived those grounds, (2) sua sponte granting Smith relief based upon public policy when Smith had waived that ground, and (3) failing to award in full the amount of property costs and accrued interest due under the terms of the note and mortgage. We affirm pursuant to Rule 220(b), SCACR.

We hold USDA lacks standing to challenge the master's ruling as to laches because it prevailed upon that issue before the master. *See Davis v. S.C. Dep't of Motor Vehicles*, 420 S.C. 98, 103, 800 S.E.2d 493, 495 (Ct. App. 2017) ("If a party prevails on an issue below, the party is not an aggrieved party with respect to those rulings, and thus, the party may not appeal those issues."). In the master's order granting judgment of foreclosure, it found there was an "extended" delay in commencement of the foreclosure action and applied the doctrine of laches to reduce property costs by one-half and limit USDA's recovery of interest to a period of two years from the date of default. USDA filed a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure arguing that because Smith failed to raise laches or dispute the terms of the mortgage in pleadings or at the final hearing, the master erred in ruling laches precluded recovery in the amount provided for in the mortgage. Thereafter, the master filed an order denying USDA's Rule 59(e) motion, in which it maintained its ruling to reduce property costs by one-half and limit USDA's recovery of interest to a period of two years from the date of default; however, it did so because USDA's "significant delay in initiating and finalizing" the foreclosure demonstrated unclean hands warranting sua sponte address from the master as a matter of public policy. USDA did not file

any motions challenging this order.  Although the master denied USDA's Rule 59(e) motion, the master actually altered the order granting judgment of foreclosure by finding USDA's delay in commencing foreclosure demonstrated unclean hands—instead of laches—and thus reducing property costs and recovery of interest as a matter of public policy.  *See Doe v. Bishop of Charleston*, 407 S.C. 128, 135, 754 S.E.2d 494, 498 (2014) ("As a general rule, judgments are to be construed like other written instruments.  The determinative factor is the intent of the court, as gathered, not from an isolated part thereof, but from all the parts of the judgment itself." (quoting *Weil v. Weil*, 299 S.C. 84, 90, 382 S.E.2d 471, 474 (Ct. App. 1989))).  Consequently, we find that—as USDA's brief states—USDA prevailed upon its Rule 59(e) motion; therefore, we decline to address the issue of laches on appeal.  *See Davis*, 420 S.C. at 103, 800 S.E.2d at 495 ("If a party prevails on an issue below, the party is not an aggrieved party with respect to those rulings, and thus, the party may not appeal those issues.").

We hold USDA failed to preserve for review whether the master erred in ruling sua sponte that unclean hands and public policy applied to limit USDA's recovery of property costs and interest.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [trial] court.").  Although the grounds of unclean hands and public policy were ruled upon without having been raised to the master, USDA failed to file a successive Rule 59(e) motion raising those issues for the master's consideration.  *See Fryer v. S.C. L. Enf't Div.*, 369 S.C. 395, 399, 631 S.E.2d 918, 920 (Ct. App. 2006) ("A post-trial motion must be made when the trial court either grants relief not requested or rules on an issue not raised at trial."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide [the appellate court] with a platform for meaningful appellate review." (quoting *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct. App. 2006))); *cf. Swing v. Swing*, 445 S.C. 340, 348 n.3, 914 S.E.2d 158, 163 n.3 (2025) (addressing timely filing of appeals in relation to Rule 59(e) and indicating a successive Rule 59(e) motion is procedurally necessary in order to "challenge[] something that was altered from the original judgment as a result of the initial" Rule 59(e) motion (quoting *Elam*, 361 S.C. at 15, 602 S.E.2d at 775)).  Therefore, we hold USDA's issues regarding unclean hands and public policy are not preserved for appellate review.  *See Elam*, 361 S.C. at 23, 602 S.E.2d at 779-80 ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [trial] court.").

Finally, we decline to address USDA's third issue on appeal concerning the effect of the master's rulings because our determination that USDA failed to preserve its arguments concerning the bases of the master's rulings are not preserved for review is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (indicating the appellate court need not address a remaining issue when its disposition of a prior issue is dispositive).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.